UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THERESIA ECKSTADT,

    Plaintiff,

v.                                                            Case No: 6:15-cv-967-Orl-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

    Plaintiff, Theresia Eckstadt, seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits, and supplemental security income. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

**BACKGROUND**

    **A. Procedural Background**

    Plaintiff filed an application for a period of disability, disability insurance benefits, and supplemental security income on September 20, 2011. (Tr. 16.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 16.) Plaintiff then requested an administrative hearing. (Tr. 16.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 16.)

    Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 13–26.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–

6.)  Plaintiff then timely filed a complaint with this Court.  (Dkt. 1.)  The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1961, claimed disability beginning on October 1, 2009.  (Tr. 16, 24.)  Plaintiff has a limited education.  (Tr. 24.)  Plaintiff's past relevant work experience included work as a sales promotion representative, waitress, and cocktail waitress.  (Tr. 24.)  Plaintiff alleged disability due to neck pain, back pain, left elbow pain, bilateral hip pain, and left knee pain, as well as depression, anxiety, and bipolar disorder.  (Tr. 21.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since October 1, 2009, the alleged onset date.  (Tr. 18.)  After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairment: degenerative disc disease of the cervical, thoracic, and lumbar spine.  (Tr. 18.)  Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 20.)

The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work and can frequently balance, stoop, kneel, crouch, and crawl, but she is limited to only occasional climbing of ramps, stairs, ropes, ladders, or scaffolds.  (Tr. 20.)  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully credible.  (Tr. 21.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work. (Tr. 24.) Additionally, given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a ticket seller, laundry machine feeder, and apparel stock checker. (Tr. 25.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 26.)

**APPLICABLE STANDARDS**

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled or not disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical

criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**ANALYSIS**

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ failed to apply the correct legal standards to the opinion of Dr. Friedenberg; and (2) the ALJ failed to apply the correct legal standards to Plaintiff's testimony regarding her pain and limitations. For the reasons that follow, none of these contentions warrants reversal.

**A. Medical Opinion**

Plaintiff contends that the ALJ failed to apply the correct legal standards to the opinion of Plaintiff's psychologist, Dr. William P. Friedenberg. Specifically, Plaintiff argues that although the ALJ gave Dr. Friedenberg's opinion great weight, the ALJ mischaracterized Dr. Friedenberg's opinion and failed to address portions of the opinion that supported a finding of severe mental limitations.

Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of the claimant's impairments, including the claimant's symptoms, diagnosis and prognosis, the claimant's ability to perform despite impairments, and the claimant's physical or mental restrictions. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (internal quotation and citation omitted). The medical opinions of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary. *Id.* at 1179; *see also* 20 C.F.R. § 404.1527(c)(2). Good cause exists when the doctor's opinion was not bolstered by the evidence, the evidence supported a contrary finding, or the doctor's opinion was conclusory or inconsistent with his or her own medical records. *Winschel*, 631 F.3d at 1179.

In addition, the ALJ must state with particularity the weight given to different medical opinions and the reasons for the ascribed weight. *Id.* However, there is no rigid requirement that

the ALJ specifically refer to every piece of evidence in his or her decision, so long as the decision is not "a broad rejection" that leaves the court with insufficient information to determine whether the ALJ considered the claimant's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). Further, while the ALJ should consider medical opinions regarding a claimant's ability to work in forming the RFC, the medical opinions are distinct from the RFC assessment, and the final responsibility for deciding the RFC is reserved for the Commissioner. 20 C.F.R. §§ 404.1527(d), 416.927(d).

The record in this case reflects that Plaintiff was examined by Dr. Friedenberg, a licensed psychologist with Atlantic Counseling Center, on November 15, 2011. (Tr. 380–381.) In the evaluation report, Dr. Friedenberg chronicled Plaintiff's social and medical history, noting Plaintiff's reports of her daily activities, history of physical and emotional abuse as a child, medical treatments, and history of substance abuse and current sobriety. (Tr. 380–381.) Dr. Friedenberg noted that Plaintiff was adequately dressed and groomed, had normal gait and posture, exhibited clear verbal communication with logical content, had appropriate eye contact, was anxious and sad throughout the examination but was cooperative and oriented, showed no signs of psychotic thought disorder throughout the examination, showed no significant memory or concentration impairments, was able to calculate simple arithmetic problems, showed fair judgment, and was able to abstract meaning of proverbs. (Tr. 381.) Dr. Friedenberg also found that Plaintiff is capable of managing her own funds. (Tr. 381.)

Based on the examination, Dr. Friedenberg diagnosed Plaintiff with depressive disorder; anxiety disorder; polysubstance dependence in sustained full remission; and neck, back, shoulder, elbow, and knee injury with residual pain. (Tr. 381.) In evaluating Dr. Friedenberg's medical opinion, the ALJ stated:

> Specifically, on November 15, 2011, William P. Friedenberg, Ph.D. examined the claimant and reported the claimant has never been hospitalized for psychiatric purposes and is not receiving current psychiatric treatment other than prescribed psychotropic medications.  Dr. Friedenberg also noted the claimant denied having suicidal or homicidal ideations, delusions, and hallucinations and the claimant's memory, concentration, and judgment were intact without significant deficits.  As such, Dr. Friedenberg did not impose any mental work-related restrictions on the claimant and instead simply diagnosed her with depression disorder not otherwise specified (NOS), anxiety disorder NOS, and polysubstance dependence in sustained full remission, noting the claimant has been clean and sober since 2004 (Exhibits 5F, 6F at p. 7).

(Tr. 23–24.)  The ALJ gave great weight to Dr. Friedenberg's findings "because they are consistent with the claimant's repeatedly normal mini-status exam results, they consider the claimant's longitudinal medical records, and they are based on an independent psychiatric examination of the claimant."  (Tr. 24.)

Upon review, the Court finds that the ALJ properly evaluated Dr. Friedenberg's opinion.  Indeed, there is no indication that the ALJ omitted or mischaracterized any of Dr. Friedenberg's findings.  Although Dr. Friedenberg noted that Plaintiff reported difficulty with her memory for recent events, Dr. Friedenberg found that she was an adequate historian of the details of her life and that her memory and concentration were not significantly impaired.  (Tr. 381.)  On appeal, Plaintiff takes issue with the ALJ's statement that Dr. Friedenberg did not impose any mental work-related restrictions because Dr. Friedenberg was consulted to perform a general mental examination, not a mental residual functional capacity assessment.  However, this does not affect the accuracy or completeness of the ALJ's statement, as Dr. Friedenberg's report contains no work-related restrictions associated with Plaintiff's mental impairments.  (Tr. 381.)

Further, Plaintiff fails to explain how Dr. Friedenberg's opinion supports a finding of severe mental limitations, simply arguing that the ALJ "only focused on the parts of Dr. Friedenberg's opinion that were normal, without addressing parts that supported severe mental

limitations" and that "[t]he list of mental limitations in Dr. Friedenberg's evaluation would obviously impact [Plaintiff's] ability to work." (Dkt. 16 at 13–14.) Notably, however, Dr. Friedenberg did not provide a "list of mental limitations" as Plaintiff contends, and Plaintiff does not elaborate on what limitations, if any, were imposed by Dr. Friedenberg. *See Nye v. Comm'r of Soc. Sec.*, 524 F. App'x 538, 545 (11th Cir. 2013) (finding that the plaintiff failed to meet his burden of establishing that he was unable to perform his past relevant work and that a lack of evidence weighed against a finding that he was disabled).

In giving great weight to Dr. Friedenberg's opinion, the ALJ properly articulated the weight given to Dr. Friedenberg's opinion, adequately summarized Dr. Friedenberg's findings regarding Plaintiff's medical symptoms and impairments, and specifically referenced Dr. Friedenberg's findings as to Plaintiff's concentration, memory, judgment, cognitive functioning, ability to perform self-care tasks, and general appearance. (Tr. 23–24, 381.) Aside from Dr. Friedenberg's opinion, the record does not contain any other medical opinion regarding Plaintiff's mental impairments,[1] and the state agency psychological assessments in the record support the ALJ's finding that Plaintiff's mental impairments did not impose significant limitations. (Tr. 87–88, 109–110.) *See Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990) (stating that a claimant bears the initial burden of establishing the existence of a disability). As such, the ALJ did not err in giving great weight to Dr. Friedenberg's opinion and did not err in relying on his findings to support the ALJ's determination in this case.

---

[1] Although a nurse practitioner, Ellen Branoff, diagnosed Plaintiff with increased anxiety and depression and prescribed medications, nurse practitioners are not acceptable medical sources. As such, their opinions are not "medical opinions" and "cannot establish the existence of an impairment," although their opinions may be used to show the severity of an impairment and how it affects a claimant's ability to work. *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004)); 20 C.F.R. §§ 404.1513(a), (d)(1), 416.913(a), (d)(1). Further, the ALJ indicated that Ms. Branoff provided inconsistent opinions regarding Plaintiff's impairments and did not explain or support her conclusions. (Tr. 23.)

### B. Subjective Complaints of Pain

Plaintiff contends that the ALJ failed to apply the correct legal standards to Plaintiff's testimony regarding her pain and limitations. Specifically, Plaintiff argues that the ALJ ignored significant objective evidence that supported Plaintiff's testimony regarding the severity of her pain.

In addition to the objective evidence of record, the ALJ must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529. In doing so, the ALJ must apply a three-part "pain standard" when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms, which requires that a plaintiff show the following: (1) objective medical evidence of an underlying medical condition and either (2) objective medical evidence that substantiates the severity of the pain from the condition or (3) that the objectively determined medical condition is of sufficient severity that it would reasonably be expected to produce the pain alleged. *Wilson*, 284 F.3d at 1225; *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

When evaluating a claimant's subjective symptoms, the ALJ must consider the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant took to alleviate pain or other symptoms; (5) treatment, other than medication, the claimant received for relief of pain or other symptoms; and (6) any measures the claimant personally used to relieve pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

A claimant's subjective testimony that is supported by medical evidence and satisfies the standard is itself sufficient to support a finding of disability. *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987). However, the ALJ may decide to discredit such testimony as long as the ALJ articulates explicit and adequate reasons for doing so. *Holt*, 921 F.2d at 1223. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

In considering Plaintiff's subjective complaints of pain, the ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. (Tr. 21.) As such, the ALJ concluded that Plaintiff had an underlying medical condition that could give rise to disabling pain, but the evidence did not show that her condition was severe enough to produce disabling pain. *Anderson v. Comm'r of Soc. Sec.*, 427 F. App'x 761, 764 (11th Cir. 2011).

In his decision, the ALJ found that the medical records did not support the alleged severity of Plaintiff's degenerative disc disease throughout her spine, finding that her treatment records reflected that she responded well to conservative treatment (e.g., ice and hot packs, bracing, strengthening exercises, chiropractic adjustments, and ongoing pain medication management) and that her physical exam results were unremarkable and showed full range of motion, normal muscle strength, and negative bilateral straight leg raising despite her multi-level spinal degenerative changes and intermittent spinal tenderness and spasms. (Tr. 21.) *See Davis v. Barnhart*, 153 F. App'x 569, 572 (11th Cir. 2005) (finding that a diagnosis of degenerative disc disease is not determinative of disability because "[d]isability is determined by the effect an impairment has on the claimant's ability to work, rather than the diagnosis of an impairment itself"). The ALJ further

noted that Plaintiff's consultative examiner did not impose any work or activity restrictions on Plaintiff based on her normal physical exam results and instead found that Plaintiff could perform activities of daily living without assistance despite her collective pain complaints, due in part to her ability to ambulate without a cane and showing of proper balance, full range of motion, and no tenderness or spasms. (Tr. 21–22, 372–374.)

Similarly, the ALJ discredited Plaintiff's subjective complaints to the extent that medical reports showed her daily living activities had remained unchanged despite her continued pain, her pain was somewhat relieved by medication, she continued conservative treatment and was not recommended for more invasive procedures, and she retained the ability to perform daily tasks independently and perform some light work tasks. (Tr. 22–23, 313–377, 398–446.) *See Wilson*, 284 F.3d at 1226 (holding that findings such as effectiveness of treatment, ability to perform daily activities, and limited use of pain medication can support an ALJ's decision to discredit subjective testimony); 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i) (specifically listing the claimant's daily activities as one of the factors to consider in evaluating the claimant's symptoms). Indeed, the ALJ noted that Plaintiff was able to perform some household chores, drive four days per week, travel long distances and sit in an airplane for long hours, attend yoga classes, dress herself and perform self-care tasks independently, and take walks. (Tr. 22, 43–44, 57, 59, 60–62.)

Although Plaintiff points to specific exam results, such as Plaintiff's MRI records indicating disc bulging and herniation, to argue that Plaintiff's medical records support her subjective complaints, these discrete findings alone do not disturb the ALJ's findings that the medical evidence did not corroborate her subjective complaints regarding her limitations. *See Dyer*, 395 F.3d at 1211 ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which

is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole."). Rather, the ALJ specifically acknowledged Plaintiff's "multilevel spinal degenerative changes and intermittent spinal tenderness and spasms" in his decision but ultimately found that the medical evidence of record showed "unremarkable physical exam results with full range of motion, normal muscle strength, and negative bilateral straight leg raising despite her multilevel spinal degenerative changes and intermittent spinal tenderness and spasms." (Tr. 21.) *See Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 744 (11th Cir. 2011) (finding that the plaintiff's complaints regarding the severity of her pain were undermined by the medical evidence showing full range of motion and no limitations in her extremities).

The medical records and opinions of other medical sources reflect the ALJ's findings, particularly with regard to Plaintiff's "minimal degenerative changes," mostly normal exam results, and no work-related restrictions imposed due to Plaintiff's physical impairments, and Plaintiff does not challenge the weight accorded to these medical sources. (Tr. 328–349, 375–377, 398–446.) Specifically, the opinions of the state agency medical consultants mirror the limitations set forth by the ALJ. (Tr. 76–116.) Further, as noted above, the ALJ specifically referenced the medical opinions and examination results regarding Plaintiff's multi-level spinal degenerative changes and noted that the reports did not impose any restrictions on Plaintiff resulting from her back pain or exam results and made no further medical or work-related recommendations relating to Plaintiff's physical impairment. (Tr. 342–374, 398–446, 428–432.) Indeed, Dr. Gregory Walsh and Dr. Michael Rodriguez recommended conservative treatment, including the use of ice and hot packs, deep tissue massage, and trigger point therapy. (Tr. 354–368.) As such, the ALJ's decision indicates that he considered Plaintiff's medical records as a whole in determining Plaintiff's credibility, and the ALJ's decision in this regard is supported by substantial evidence.

Moreover, as described above, the ALJ properly articulated his reasons for discrediting Plaintiff's subjective complaints of pain, devoting more than two pages of his decision to recount the medical evidence and specify how Plaintiff's subjective complaints were not fully supported by the evidence. (Tr. 21–23.) *See Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (finding that an ALJ's decision is not a broad rejection when it is sufficient to enable the court to conclude that the ALJ considered the claimant's medical condition as a whole); *Leiter v. Comm'r of Soc. Sec. Admin.*, 377 F. App'x 944, 948 (11th Cir. 2010) (finding that the ALJ's credibility determination was supported by substantial evidence because the ALJ clearly articulated explicit reasons for rejecting the claimant's subjective complaints).

Even so, the ALJ took into account Plaintiff's physical limitations and pain by limiting her to light work and only occasional climbing of ramps, stairs, ropes, ladders, or scaffolds given Plaintiff's "normal physical functioning" and "[no] significant limitations on [her] ability to stand or sit since her alleged onset date." (Tr. 20, 23.) Therefore, the ALJ properly applied the pain standard and sufficiently articulated his reasons for discrediting Plaintiff's testimony, and his reasons are supported by substantial evidence in the record.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner

and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on June 16, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record